{¶ 33} I concur with the majority on the third assignment of error but respectfully dissent on the first and second assignments of error.
I would affirm the judgment of the trial court in all aspects, finding that the trial court appropriately granted summary judgment to Toledo Edison and Asplundh on grounds of primary assumption of the risk.
It seems that the majority sees this as a comparative negligence case, finding material questions of fact for a jury because of Toledo Edison's duty to maintain and inspect its equipment and power lines. As such, it finds conflicting evidence over Kampfer's "appreciation of the risk of the power lines." The majority declares that this case is one of implied assumption of the risk because primary assumption of the risk applies only in cases where the defendant owes no duty to the plaintiff.
 {¶ 34} Edison's duty to maintain its equipment is undisputed; however, cases involving serious personal injury, including death, indicate that the doctrine of primary assumption of the risk is to be applied when plaintiffs with knowledge of the risk voluntarily work in proximity to electricity, an inherently hazardous undertaking. See Taylorv. Ohio Edison Co. (Aug. 21, 1998), Lake App. No. 97-L-036 ( journeyman electrician electrocuted by "hot" wire); Gum v. Cleveland Elec.Illuminating Co. (Feb. 13, 1997) Cuyahoga App. No. 70833 (roofer burned by power line); Best v. Energized Substation Serv., Inc. (1993),88 Ohio App.3d 109 (substation painter receiving electric shock from energized steel pothead); Hamilton v. R.B. W Corp. (Jan. 29, 1998) Cuyahoga App. Nos. 71795, 71796, and 71802 (voluntary exposure to high voltage switchgear); Zolman v. Coffey (Apr. 26, 1998), Allen App. No. 1-86-16 (worker electrocuted removing TV antenna); Hill v. FruehaufCorp. (Jan. 28, 1983), Lucas App. No. L-82-286 (dump truck connecting with electrical wires). A plaintiff who reasonably chooses to proceed in the face of a known risk is deemed to have relieved the defendant of any duty to protect him or her. See Siglow v. Smart (1987), 43 Ohio App.3d 55.
 {¶ 35} Here, the record shows Kampfer voluntarily exposed himself to a known dangerous situation of trimming a tree located under electrical power lines. He had taken an electrical course in the Navy. He owned a construction company that did small jobs, including trimming trees around electric lines. On August 6, 1999, he decided to trim the dead tree in his neighbor's yard that had limbs extending over his swimming pool. No emergency situation existed on that day, for the tree had existed in the same condition since Kampfer first chose to erect his swimming pool underneath it in 1998. He discussed the danger of his undertaking with others. That day he discussed with his employee how to do the job without hitting the power lines. His girlfriend, Kathy Barnes, was concerned that the power ought to be shut off and spoke to Kampfer about it. He had used the sky genie the day before to trim trees. The machine contained numerous warnings that included the danger of electrocution hazard. His own expert, St. Clair, noted Kampfer was qualified under OSHA to work near primary electrical lines or near energized 7200 volt lines. He had enough background to be able to recognize the lines and voltages that were there and be able to stay away from them.
 {¶ 36} While there may be some question over the specific extent of knowledge of the 7200 volt line, it does not cancel out the fact that Kampfer knew and understood he was undertaking a hazardous activity. "To impose primary assumption of risk, the plaintiff need only consciously expose himself to the known risk, not directly to the exact episode which causes the injury." Gum, supra. I would find, as did the trial court, that based upon the evidence, Mr. Kampfer voluntarily exposed himself to an obvious and known danger represented by electrical power lines thereby relieving appellees from any duty to protect him.
 {¶ 37} Evid.R. 804(5) allows statements of a deceased person when "offered to rebut testimony by an adverse party * * *." Appellees defended on grounds of primary assumption of the risk. Kampfer's statements to others regarding his alleged frustration and past attempts to contact Toledo Edison are inadmissible under Evid.R. 804(5) to contradict the voluntariness of his actions. With no emergency requiring immediate action, evidence of Kampfer's motivation is irrelevant to the crucial issue of whether he voluntarily exposed himself to a known and obvious danger.[2] I would therefore find the trial court did not abuse its discretion in excluding Kampfer's statements.
 {¶ 38} Accordingly, I would deny all assignments of error and would affirm the judgment of the trial court.
[2] In Armstrong v. Best Buy, 2003 Ohio 2573, the Ohio Supreme Court in affirming the existence of the open and obvious rule for property owners stated a purpose that is similar to that of primary assumption of the risk:
"¶ 13 We continue to adhere to the open-and-obvious doctrine today. In reaching this conclusion, we reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."